## LANDRY v. WHITE.
No. 14455.

Court of Appeal of Louisiana.   Orleans.
May 22, 1933.

For original opinion, see 146 So. 509.

Arthur Landry, of New Orleans, in pro. per.

Racivitch & Hickerson, of New Orleans, for appellant.

JANVIER, Judge.

We granted a rehearing in this matter because of the apparent belief by plaintiff that our findings evidenced an unwillingness to accept as true his statements with reference to the circumstances surrounding his alleged employment as attorney at law by defendant.

We have no intention of in any way indicating any disbelief on our part in the truth of the statements made, and a further examination of the record convinces us that the entire controversy arises as the result of a misunderstanding by plaintiff of the attitude of defendant.

Conceding that what plaintiff says is true we do not find in the record any statements showing an unequivocable contract of employment, and, while it may be that it is not necessary in the usual case that the contract under which an attorney is employed be entered into with any particular formality or solemnity, we believe that, where an attorney undertakes to represent one person and to collect his fee from another, he should make certain that that other understands that he is being relied upon for the payment of the fee. Here Mr. Landry undoubtedly believed that Mr. White intended to employ him and to pay the fee which would otherwise have been due by his brother, but even Mr. Landry does not contend that Mr. White said so in so many words, and he relies on the circumstances surrounding the employment as constituting a contract between himself and Mr. White, the defendant. For the reasons given in our original opinion (146 So. 509) we do not believe that those circumstances were such as to justify the belief on Mr. Landry's part that he was being so employed.

It is therefore ordered, adjudged, and decreed that our original decree be, and it is, reinstated.

Original decree reinstated.